UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KENNETH A. WHITE,

                Petitioner,

   v.
                                                      9:18-CV-1284
                                                        (DNH/ATB)
VERONICA FERNANDEZ,

                Respondent.
_____

APPEARANCES:                                         OF COUNSEL:

KENNETH A. WHITE
36473-060
Petitioner, pro se
Ray Brook Federal Correctional Institution
P.O. Box 900
Ray Brook, NY 12977

DAVID N. HURD
United States District Judge

## DECISION and ORDER

## I. INTRODUCTION

     Pro se petitioner Kenneth White ("White" or "petitioner") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 as well as supporting exhibits. Dkt. No. 1, Petition ("Pet."); Dkt. No. 1-1.

     On November 2, 2018, the Court administratively closed this action because White did not pay the statutory filing fee or file a properly certified in forma pauperis ("IFP") application. However, petitioner was afforded another opportunity to comply with this requirement. Dkt. No. 2, Order dated 11/02/18.

On December 3, 2018, White remitted the statutory filing fee and the case was reopened. Dkt. No. 3, Text Order dated 12/03/18; Dkt. Entry dated 12/03/18 (indicating receipt number for paid filing fee).

For the reasons that follow, this action is transferred to the United States Court of Appeals for the Sixth Circuit.

## II. **DISCUSSION**

White is in the midst of serving several sentences for various federal convictions. The only one important to the current decision is the last conviction for tax fraud. Generally speaking, however, the relevant facts surrounding the underlying criminal convictions are as follows:

> On October 31, 2014, a jury convicted petitioner . . . of conspiracy to defraud the government under 18 U.S.C. § 286 and false claims under 18 U.S.C. § 287(a) for submitting fraudulent tax returns. The [c]ourt sentenced [petitioner] to 155 months in prison. This term was to run consecutively with a sentence previously imposed by [the Northern District of Ohio] . . . for an unrelated 2012 federal conviction [for making false statements in loan applications and conspiring to defraud automobile finance and mortgage companies]. [Petitioner] appealed, and the Sixth Circuit affirmed the verdict.

*United States v. White*, No. 1:14-CR-0185, Dkt. No. 219 at 1, Order dated 10/09/18 ("Order"); *see also United States v. White*, No. 1:09-CR-0017 (N.D.OH.) (making false statements in loan applications), *United States v. White*, No. 1:10-CR-0442 (N.D.OH.) (conspiracy to defraud automobile finance and mortgage companies and wire fraud), and *United States v. White et. al.*, No. 1:14-CR-0185, (N.D.OH.) (conspiracy to defraud and making false claims to the government by filing false tax returns and fraudulent claims for income tax refunds).

2

## A. Petitioner's Prior Habeas Petitions

On November 14, 2016, White filed a petition for federal habeas corpus relief pursuant to 28 U.S.C. § 2255 in the United States District Court for the Northern District of Ohio. *White v. United States*, No. 1:16-CV-2776.

In that filing, White "argue[d] that his right to a speedy trial was violated, that pre-indictment delay deprived him of due process and equal protection, and that he received ineffective assistance of counsel." *White v. United States*, Nos. 1:14-CR-0185, 1:16-CV-2776, 2017 WL 1355699, at *1 (N.D.OH. Apr. 13, 2017).

The district court denied that petition. *White*, 2017 WL 1355699, at *4. First, the trial court found that White's Sixth Amendment rights were not violated because his trial started timely, within the seventy day period allotted, and that in any event petitioner voluntarily waived his rights to a speedy trial. *Id.,* 2017 WL 1355699, at *2-*3. Further, the trial court found petitioner's due process rights were not violated by the "government delay[ing] his indictment [of his tax crimes] from 2010." *Id.,* 2017 WL 1355699, at *3. In particular:

> According to [petitioner], the government could have brought the May 2014 false claims charges five years earlier in an indictment for making false claims in a loan application. [Petitioner] also alleges that his attorney acted "in concert" with the prosecution to deprive [petitioner] of his constitutional rights.
>
> The [c]ourt rejects [petitioner]'s claim regarding pre-indictment delay. [Petitioner] presented this claim on appeal and the Sixth Circuit denied it. When the United States indicted [petitioner] in 2010 for unrelated fraudulent activity, investigation into his tax fraud activities was ongoing. Although [petitioner] initially accepted a global plea agreement offered by the government, he withdrew his guilty plea and the government continued its tax fraud investigation.
>
> [Petitioner] presented no evidence to the appeals court that the tax fraud indictment's delay prejudiced his defense, nor does he offer

3

> evidence now. Additionally, [petitioner] offers no evidence that defense counsel and the prosecution acted together.
>
> Because [petitioner] merely reasserts the pre-indictment delay claim rejected by the Sixth Circuit, the law-of-the-case doctrine stops this Court from revisiting the claim. The Court of Appeals rejected this claim and, without significant new evidence, this [c]ourt has no authority to overrule the Court of Appeal's decision.

*White,* 2017 WL 1355699, at *3. Finally, the trial court denied White's ineffective assistance of counsel claim because petitioner's trial counsel was not obligated to make meritless arguments. *Id.,* 2017 WL 1355699, at *4.

Thereafter, White filed a motion pursuant to Federal Rule of Civil Procedure 60(b)(3) seeking relief from the final judgment of his 28 U.S.C. § 2255 petition. *United States v. White*, No. 1:14-CR-0185, Dkt. No. 214, Petitioner's 60(b)(3) motion dated 08/05/18. In that filing, petitioner alleged "(1) that he was denied discovery, in violation of *Brady v. Maryland*; and (2) that the U.S. Attorney's Office committed prosecutorial misconduct by delaying his indictment on the tax charges from 2010 to 2014." *Id.,* Order at 3.

The trial court also denied this motion, construing it as a successive § 2255 petition and transferring it to the Sixth Circuit for consideration. *White*, 1:14-CR-185, Dkt. No. 214, Order at 1. Specifically, the trial court identified the discovery claim as "a new ground for relief from his criminal conviction [and the prosecutorial misconduct claim as] . . . a poorly-disguised retread of the claim, initially raised in [petitioner's] criminal appeal and initial habeas petition, that the pre-indictment delay represented a violation of his due process rights." *Id.*, Order at 3; *see also Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005) (explaining how Rule 60(b) motions have been used to "circumvent AEDPA's requirement that a new [habeas] claim be dismissed unless it relies on either a new rule of constitutional

law or newly discovered facts;" thus, in those circumstances, are treated as successive habeas petitions).

White's petition remains pending before the Sixth Circuit.

**A. The Petition**

Here, pursuant to 28 U.S.C. § 2241, White challenges his detention and the execution and validity of his sentence for a tax fraud conviction from the Northern District of Ohio. Pet. at 2.[1] Specifically, petitioner's allegations concern the timing of his tax fraud indictment in relation to his prior non-tax convictions.

White previously filed a habeas petition pursuant to 28 U.S.C. § 2255. Pet. at 4. However, petitioner asserts that the present petition is the appropriate vehicle for relief – and conversely, a remedy under § 2255 is inadequate – because "[t]here had been an oversight and omissions involving that process which involved the prosecutor and judge." *Id.* at 5.

Generally speaking, White contends he is entitled to habeas relief because the prosecutor committed (1) due process violations in contravention of *Brady v. Maryland*, the Fifth Amendment, and the Fourteenth Amendment and (2) prosecutorial misconduct. Pet. at 6-7.

More specifically, White contends that he was subjected to a "trial penalty" when he decided to withdraw a global plea deal and subsequently was subjected to two different criminal prosecutions. Dkt. No. 1-1 at 2-4, 8-9. Petitioner asserts that the *Brady* violation occurred when "the government withheld evidence" after petitioner decided to withdraw his plea which "would have [helped petitioner] realize[] that it was not in his best interest to

---

[1] Citations to petitioner's filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

5

withdraw from th[e] agreement, and the outcome of the case would have been different [in t]hat petitioner would not have been sentenced to an additional 155 months of imprisonment." *Id.* at 4-5. Petitioner states that the later prosecution, which was unnecessary as "[t]he government had their case [and their discovery] in 2011," was "done to . . . secure the consecutive 155 month term without putting [petitioner] on notice of the government's sneaky tactics." *Id.* at 6.

White requests that this Court "dismiss the indictment, resulting in [his] immediate release, or whatever the Courts deem fit." Pet. at 8.

### C. **Analysis**

The Antiterrorism and Effective Death Penalty Act (AEDPA) restricted the ability of petitioners to file second or successive petitions.

It requires individuals seeking to file a second or successive petition to obtain leave of the appropriate Court of Appeals for an order authorizing the district court to consider the second or successive application. 28 U.S.C. § 2244(b)(1)-(3); *see also* Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."); N.D.N.Y. L.R. 72.4(c) ("Before a second or successive application is filed in this Court, the applicant shall move in the Second Circuit Court of Appeals for an order authorizing the district court to consider the application.").

A petition is a second or successive application when it "attacks the same judgment that was attacked in a prior petition," *Vasquez v. Parrott*, 318 F.3d 387, 390 (2d Cir. 2003) (internal quotation marks omitted), the prior petition was dismissed on the merits, *Murray v.*

6

*Greiner*, 394 F.3d 78, 81 (2d Cir. 2005), and the later petition "raises a claim that was, or could have been, raised in [the] earlier petition." *James v. Walsh*, 308 F.3d 162, 167 (2d Cir. 2002); *accord, Adams v. Corcoran*, 416 F. App'x 84, 85 (2d Cir. 2011) ("While not every numerically second petition is considered a second or successive one, a dismissal on the merits . . . renders any subsequent petition second or successive within the meaning of AEDPA.") (internal quotation marks omitted).

Under those circumstances, a district court has no jurisdiction to decide a second or successive habeas petition on the merits without authority from the appropriate Court of Appeals. *Burton v. Stewart*, 549 U.S. 147, 153 (2007) (per curiam); *Torres v. Senkowski*, 316 F.3d 147, 149, 151-52 (2d Cir. 2003).

Upon review, White's current petition is successive because he is challenging the same judgment of conviction that he challenged before in his prior habeas petitions filed in Ohio. These claims have been dismissed on the merits.[2]

Moreover, there is no basis for concluding that White could not have raised in his earlier petition the grounds for relief asserted in his present petition. In fact, he did raise these same identical arguments in his Rule 60(b)(3) motion, which was ultimately deemed a successive § 2255 petition.

Both of White's claims in his current petition relate to his underlying criminal prosecution and conviction in Ohio, rendering this a second successive petition. Petitioner's efforts to disguise the claims by renaming them is inadequate to save his present petition. Based upon the underlying criminal charges (which are the basis for the challenged

---

[2] Further, petitioner has already had one habeas petition, raising the same claims as the instant one, deemed successive and transferred to the Sixth Circuit. *United States v. White*, No. 1:14-CR-0185, Order.

7

proceedings) and the previously decided petitions, the Northern District of Ohio seems to be the appropriate forum for this action. *See* 28 U.S.C. § 2241(d); *Braden v. 30th Judicial Cir. Ct. of Ky*, 410 U.S. 484, 497-98 & n.13 (1973).

However, because district courts have no jurisdiction to decide successive petitions, the Court is required to transfer this action to the appropriate Court of Appeals, namely the Circuit Court in which the Northern District of Ohio is located. *Torres*, 316 F.3d at 151-52. Accordingly, the Court transfers this action to the Sixth Circuit, pursuant to 28 U.S.C. § 1631, for a determination under 28 U.S.C. § 2244(b) as to whether the petitioner should be permitted to file a second or successive habeas petition in the district court. *Id.*

## IV. **CONCLUSION**

Therefore, it is

ORDERED that

1. The Clerk transfer this petition to the United States Court of Appeals for the Sixth Circuit, pursuant to 28 U.S.C. § 1631, for a determination under 28 U.S.C. § 2244(b) as to whether petitioner should be authorized to file a second or successive habeas petition in the district court; and

2. The Clerk shall serve a copy of this Order on petitioner in accordance with the Local Rules.

IT IS SO ORDERED.

Dated: December 21, 2018
       Utica, New York

United States District Judge